## STATE OF INDIANA v. TOTTEN.

### [No. 22,976. Filed November 21, 1916.]

1. CRIMINAL LAW.—*Appeal.*—*Reserved Questions of Law.*—*Presentation of Error.*—In an appeal by the State on reserved questions of law under §2162 Burns 1914, Acts 1905 p. 647, the Supreme Court will not render an opinion where there is such uncertainty as to the questions presented that it is impossible to declare a general rule for the guidance of the inferior courts of the state. p. 581.

2. TRIAL.—*Instructions.*—*Repetition.*—The practice of repeating in instructions vital questions favorable to one side or the other is not commendable and is to be discouraged. p. 581.

From Spencer Circuit Court; *Elbert M. Swan,* Judge.

Prosecution by the State of Indiana against Homer E. Totten. Judgment of acquittal, and the State appeals on reserved questions. *Appeal not sustained.*

*Evan B. Stotsenburg,* Attorney-General, *Wilbur T. Gruber, Ora A. Davis, Horace M. Kean, Leslie R. Naftzger* and *Omer S. Jackson,* for the State.

*James L. Houston,* for appellee.

Cox, C. J.—Appellee was charged, by indictment returned by the grand jury September 10, 1914, with having, as guardian of his minor daughter, on May 4, 1914, embezzled the funds of his trust to the amount of $1,969.90. To this indictment he was arraigned and pleaded not guilty. After this, on May 5, 1915, the prosecuting attorney by leave of the court filed an affidavit containing what was

termed an amended charge against appellee of embezzling the same sum of money. To this latter charge appellee also entered a plea of not guilty, and upon it he was placed on trial and acquitted. The prosecuting attorney during the progress of the trial took many exceptions to rulings on evidence and to instructions given by the court. Such rulings and the giving of the instructions excepted to have been brought to this court as reserved questions of law under §2162 and §2211, cl. 3, Burns 1914, Acts 1905 pp. 584, 647, 656, and the decision of them by us is invoked by the State.

It is impossible to discover from the averments of the affidavit on which appellee was tried, which affidavit is in one count, whether he was charged

1. with embezzlement as a fiduciary (§2293 Burns 1914, Acts 1905 p. 674), or as an agent (§2285 Burns 1914, Acts 1905 p. 671). Because of this uncertainty and the peculiar state of facts disclosed by the evidence, we do not feel called upon to pass in detail upon the thirty-one questions reserved. The decision of none of them, for the reasons given, would serve the purpose for which appeals by the state on reserved questions of law are provided. That purpose is to obtain opinions of this court on questions of law which shall declare a rule for the guidance of, and which shall be binding on, the inferior courts of the state. It is to settle questions likely again to arise in the trial of criminal prosecutions. No such questions are presented in this appeal. The decision of those presented would, in the main, confuse rather than clarify the law.

Several of the assignments of error seek to raise the question whether it is error of law on the part of the trial court in its instructions to the jury

2. unduly to emphasize and repeat that the evidence must show the guilt of the defendant beyond a reasonable doubt before a verdict of con-

viction may be returned. The practice of repeating in instructions vital questions favorable to one side or the other is not commendable and is to be discouraged, but we find no serious objection in this particular to the instructions in this case. The appeal is not sustained.

NOTE.—Reported in 114 N. E. 82.